**FENG ZHU ZHENG, Petitioner,**

v.

**Alberto R. GONZALES, United States Attorney General, Respondent.**

No. 03–4431–ag.

United States Court of Appeals, Second Circuit.

Oct. 6, 2006.

Wendy Tso, New York, NY, for Petitioner.

Roslynn R. Mauskopf, United States Attorney for the Eastern District of New York, Susan Corkery, Steven Tiscione, Assistant United States Attorneys, Brooklyn, NY, for Respondent.

PRESENT: Hon. JOSEPH M. McLAUGHLIN, Hon. DENNIS JACOBS and Hon. CHESTER J. STRAUB, Circuit Judges.

### SUMMARY ORDER

Feng Zhu Zheng, a native and citizen of the People's Republic of China ("China"), seeks review of a February 12, 2003 order of the Board of Immigration Appeals ("BIA") denying Zheng's motion to reconsider an October 8, 2002 order of the BIA, and of the October 8, 2002 order of the BIA denying Zheng's appeal from the May 8, 2000 decision of Immigration Judge ("IJ") George T. Chew denying petitioner's applications for asylum and withholding of deportation. *In re Zheng, Feng Zhu,* No. A72 764 104 (B.I.A. Feb. 12, 2003); *In re Zheng, Feng Zhu,* No. A72 764 104 (B.I.A. Oct. 8, 2002), *aff'g* No. A72 764 104 (Immig. Ct. N.Y. City May 8, 2002). We assume the parties' familiarity with the underlying facts and procedural history of the case.

This Court lacks jurisdiction to review Zheng's petition for review of the BIA's October 8, 2002 decision affirming the IJ's denial of relief. Zheng filed her petition for review on March 7, 2003, well beyond the 30–day time limit for filing. *See* 8 U.S.C. § 1252(b)(1).

This Court reviews the BIA's denial of a motion to reopen or reconsider for abuse of discretion. *See Jin Ming Liu v. Gonzales,* 439 F.3d 109, 111 (2d Cir.2006) *(per curiam); Kaur v. BIA,* 413 F.3d 232, 233 (2d Cir.2005). An abuse of discretion may be found where the BIA's decision "provides no rational explanation, inexplicably departs from established policies, is devoid of any reasoning, or contains only summary or conclusory statements; that is to say, where the Board has acted in an arbitrary or capricious manner." *Kaur,* 413 F.3d at 233–34; *Ke Zhen Zhao v. U.S. Dep't of Justice,* 265 F.3d 83, 93 (2d Cir. 2001) (internal citations omitted).

The BIA did not abuse its discretion in denying Zheng's motion to reconsider. The BIA reasonably found that the motion merely repeated arguments that Zheng had made on appeal and which the BIA had previously considered and rejected before rendering its prior decision. *See Jin Ming Liu* 439 F.3d at 111. Zheng claimed in her motion that the IJ's adverse credibility finding was erroneous but, "[r]ather than to reiterate each and every judicial

shortcoming [ ] that permeated the decision of the Immigration Judge," she merely attached a copy of her brief on appeal. Moreover, this Court lacks jurisdiction to review a BIA member's decision to resolve a particular appeal unilaterally, and without opinion, pursuant to 8 C.F.R. § 1003.1(e)(4), rather than referring it to a three-member panel. *Kambolli v. Gonzales,* 449 F.3d 454, 463 (2d Cir.2006).

For the foregoing reasons, the petition for review is DENIED.